<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

February 10, 2022

Eddy Osvaldo Manon
Register No. 67510-050
FCI Allenwood
2 US-15,
Allenwood, PA 17810
*Pro Se Defendant*

Dong Joo Lee, Esq.
United States Attorney's Office
970 Broad Street, 7th floor
Newark, NJ 07102
*Counsel for Plaintiff*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:**    ***United States v. Eddy Osvaldo Manon***
**Crim. No. 16-00460 (SDW)**

Litigants:

Before this Court is *pro se* Defendant Eddy Osvaldo Manon's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 44-1.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

<u>**DISCUSSION**</u>

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at \*2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant

compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On October 17, 2017, Defendant pleaded guilty to a one-count Indictment, charging that he conspired with others to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A) and 21 U.S.C. § 846. (D.E. 38 at 1.) On March 26, 2018, this Court sentenced Defendant to 70 months of imprisonment and 5 years of supervised release, with special conditions. (D.E. 42 at 1-2.) Defendant is currently serving his sentence at Federal Correctional Institution, Allenwood, Pennsylvania ("FCI Allenwood"). (*Id.*)

On January 27, 2021, Defendant submitted a request for compassionate release to the warden. (D.E. 44-1 at 4.) On August 23, 2021, the Defendant, submitted a motion to this Court for compassionate release. (D.E. 44-1.) More than 30 days have passed since the Defendant's request to the warden. (D.E. 44-1 at 4.) Therefore, Defendant has exhausted his administrative

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

remedies as required by 18 U.S.C. § 3582(c)(1)(A).  On October 3, 2021, the Office of the Federal Public Defender notified this court that it would not enter an appearance in this matter.  (D.E. 48 at 7.)  The Government opposed Defendant's motion on October 25, 2021.  (D.E. 48 at 1.)

C.

Defendant is 43 years old and contends that being overweight, his high blood pressure, his high cholesterol, and his history of kidney stones establish compelling and extraordinary reasons justifying his release.[2]  (D.E. 44-1 at 9-14.)  Although this Court is sympathetic to Defendant's concerns for his health, these conditions alone do not amount to compelling reasons to justify early release.[3]

First, Defendant's health conditions do not place him at a uniquely high risk of grave illness or death if infected by COVID-19. The Centers for Disease Control and Prevention ("CDC") states that individuals with a body mass index ("BMI") of 25 kg/m2 but less than 30 kg/m2 are overweight. Recently, the CDC advised that individuals with a BMI of 25 kg/m2 or greater "can make [them] more likely" to get severely ill from COVID-19. *See* CDC, *People with Certain Medical Conditions* (last updated Dec. 14, 2021), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html*.  Courts have consistently found that borderline obesity does not amount to a compelling reason to justify early release.  *See, e.g.*, *United States v. Lucero*, Crim. No. 16-CR-3040-DMS, 2021 WL 1297828, at *2 (S.D. Cal. Apr. 7, 2021) (finding that defendant's BMI of 29 alone does not establish "extraordinary and compelling reasons" for compassionate release); *United States v. Pearson*, Crim. No. 16-20601, 2020 WL 7706618, at *3 (E.D. Mich. Dec. 29, 2020) (finding that borderline obesity in 25-30 BMI range is not sufficient);  *United States v. Magnus*, Crim. No. 4:18-CR-40117-02-KES, 2021 WL 1627290, at *2 (D.S.D. Apr. 27, 2021) (holding that the Defendant's obesity with BMI of 32.3 alone or in combination with other conditions that might increase the risk is not an extraordinary and compelling reason warranting early release).

Further, the CDC has indicated that hypertension only "possibly" places an individual more at risk of severe illness from COVID-19 in contrast to other listed conditions.  *See* CDC, *People with Certain Medical Conditions* (last updated Dec. 14, 2021), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html*.  Multiple courts in this District have denied compassionate release to inmates suffering from hypertension and obesity because this lower degree of risk does not establish extraordinary and compelling reasons to justify release on its own.  *See, e.g.*, *United States v. Wax*, Crim. No. 14-251, 2020 WL 3468219, at *3 (D.N.J. June 25, 2020) (denying defendant's motion for compassionate release for lack of an extraordinary and compelling reason, even though he

---

[2] Of these conditions, the CDC has only identified being overweight/obesity and hypertension as illnesses that may put individuals at risk for severe illness from COVID-19.  CDC, *People with Certain Medical Conditions* (last updated Dec. 14, 2021), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html*.  Thus, the Court need not address Defendant's claims of kidney stones and high cholesterol because they are non-CDC recognized risk conditions.

[3] This Court is also sympathetic to the fact that Defendant has no prior criminal history, and that Defendant is unable to participate in certain programs due to his deportable status. However, these factors alone coupled with the reasons set forth herein do not justify early release.

3

suffered from hypertension and obesity, because he was receiving regular and consistent medical care); *United States v. Falci*, Crim. No. 17-228, 2020 WL 3410914, at \*1, \*4 (D.N.J. June 22, 2020) (denying motion for compassionate release where defendant was 60 years old and suffered from obesity, hypertension, and other health issues); *United States v. Alexander*, Crim. No. 19-32, 2020 WL 2507778, at \*4 (D.N.J. May 15, 2020) (denying compassionate release where defendant suffered from hypertension and obesity because defendant's health conditions are not sufficiently severe and medical records showed that BOP was "adequately managing defendant's medical care").

Here, Defendant's medical conditions are not sufficiently severe to establish a compelling basis for his release. Defendant's borderline obesity (BMI of 29.5) and hypertension, according to the CDC, do not place him at an enhanced risk of severe illness or death if infected by COVID-19. Defendant does not have a terminal illness. (*See* D.E. 45 at 2-14.) Defendant's medical records indicate that Defendant has received medical care and has been advised on how to care for his medical conditions. (*Id.*) The Federal Bureau of Prisons has been taking extraordinary measures to contain the spread of COVID-19. (D.E. 45 at 2.) Thus, Defendant's request for compassionate release is not supported.

Second, even if the Defendant could establish that he is at an increased risk of infection, compassionate release should be denied because he has repeatedly refused vaccination. (D.E. 45.) Courts have denied compassionate release to inmates who have refused the COVID-19 vaccine without a known medical contraindication for the vaccine. *See, e.g., United States v. Baeza-Vargas,* 2021 WL 1250349, at \*2-3 (D. Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"); *United States v. Jackson*, 2021 WL 1145903, at \*2 (E.D. Pa. Mar. 25, 2021) ("Where [a defendant] bears the burden of demonstrating her entitlement to relief, the Court finds that her unexplained refusal to accept a COVID-19 vaccination when offered negates her otherwise compelling medical reasons for release"). Despite being offered the COVID-19 vaccine and being "begged" by his medical provider to take the vaccine, Defendant has refused vaccination. (D.E. 45 at 2.) Clearly, Defendant is not in a condition "that substantially diminishes" his ability "to provide self-care within the environment of a correctional facility", as Defendant has rejected the opportunity for vaccination. *See United States v. Martinez*, Crim. No. 17-171, 2021 WL 2651663, at \*1 (D.N.J. June 28, 2021).

Lastly, even if Defendant were vaccinated and he presented health conditions that constituted extraordinary and compelling reasons for release, this Court would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. *See United States v. Terry*, Crim. No. 16-210, 2020 WL 3264086, at \*4-\*5 (D.N.J. June 17, 2020) (denying motion for compassionate release despite defendant's diabetes and hypertension, in part because certain § 3353(a) factors weighed against release); *United States v. Durante*, Crim. No. 11-277, 2020 WL 2520280, at \*5-\*6 (D.N.J. May 18, 2020) (denying allegedly hypertensive 66-year-old defendant's motion for compassionate release in part because of the seriousness of his offense). Defendant is serving a 70-month term for conspiring with others to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. As this Court previously addressed the 18 U.S.C. §

3553(a) factors at the time of sentencing on March 26, 2018, a further recitation is unnecessary. Circumstances have not changed in the interim requiring further consideration from this Court.

A reduced sentence here would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). It would also create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). Accordingly, this Court will deny Defendant's motion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

   /s/ Susan D. Wigenton   
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties